IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE SCOTTS COMPANY LLC,

      Plaintiff,

    vs.                           **Civil Action 2:06-CV-899**
                                              **Judge Graham**
                                              **Magistrate Judge King**

LIBERTY MUTUAL INSURANCE
COMPANY,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on *Liberty Mutual Insurance Company's Motion to Compel* ("*Defendant's Motion to Compel*"), Doc. No. 38, in which defendant seeks discovery of certain documents relating to settlement agreements entered into by plaintiff with other insurers. For the reasons that follow, defendant's motion is **DENIED**.

## I.    BACKGROUND

In the late 1990s, environmental lawsuits were brought against plaintiff relating to the cleanup of various hazardous waste sites that it had owned or used. *Amended Complaint ¶¶* 8-10. Plaintiff engaged Dispute Resolution Management, Inc., ("DRM") to secure recovery from several insurance companies from which plaintiff believed it had purchased policies in the 1950s and 1960s. *Id.* ¶ 6.

Plaintiff believed that it had been insured by not only defendant but also by Employers Insurance of Wausau ("Wausau") and Pacific Employers Insurance Company ("PEIC").

*Affidavit of Keith A. Meyer*[1] *("Meyer Aff.")* ¶ 3 attached to *Scotts' Memorandum contra Liberty Mutual's Motion to Compel* (*"Plaintiff's Memorandum contra"*).  DRM represented plaintiff in negotiations leading to a December 1999 settlement with Wausau ("*Wausau Settlement*") and a December 2000 settlement with PEIC ("*PEIC Settlement*").  *See Declaration of Alison Hajdusiewicz*[2] *in Support of Liberty Mutual Insurance Company's Motion to Compel* ("*Hajdusiewicz Decl.*") ¶ 2, Doc. No. 40.  In July 2000, plaintiff and defendant entered into a settlement of plaintiff's insurance claims against defendant ("*Settlement Agreement*").  *Amended Complaint* ¶¶ 24-26.

Plaintiff alleges that, after entering into the *Settlement Agreement*, it obtained evidence of coverage by defendant for the relevant time period but that defendant had purposely deceived plaintiff about the existence of coverage.  *Id.* ¶¶ 30-36.  This action presents claims of breach of fiduciary duty, of the implied covenant of good faith and fair dealing, of bad faith and of fraud. Plaintiff seeks, *inter alia*, recision of the *Settlement Agreement*.

On December 4, 2006, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant served a subpoena on DRM requesting the production of documents relating to DRM's involvement in the events leading to plaintiff's execution of the *Wausaw Settlement*, the *PEIC Settlement* and the *Settlement Agreement.  Exhibit E* attached to *Hajdusiewicz Decl.*  DRM withheld certain documents on basis of the "settlement privilege" as that privilege was articulated by the United States Court of Appeals for the Sixth Circuit in *Goodyear Tire &*

---

[1]Mr. Meyer is one of the attorneys representing plaintiff in this action.  *Meyer Aff.* ¶ 1.

[2]Ms. Hajdusiewicz is one of the attorneys representing defendant in this action. *Hajdusiewicz Decl.* ¶ 1.

*Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003),[3] and produced a privilege

log to defendant ("*Amended DRM Privilege Log*").  *Exhibit G* attached to *Hajdusiewicz Decl.*

On January 23, 2007, defendant propounded its first request for production of documents

to plaintiff, which included specific requests for all documents relating to the *Settlement*

*Agreement*, the *Wausau Settlement* and the *PEIC Settlement*.  *Exhibit H* attached to *Hajdusiewicz*

*Decl.* at Request Nos. 7-13.  In response, plaintiff withheld certain documents on the basis of

relevance and others on the basis of the *Goodyear* settlement privilege ("*Plaintiff's Privilege*

*Logs*") .  *Exhibit I* and *Exhibit J*  attached to *Hajdusiewicz Decl.*

On April 6, 2007, defendant filed *Defendant's Motion to Compel*, Doc. No. 38, seeking

production of documents withheld on the grounds of relevance and the settlement privilege.

*Defendant's Motion to Compel* at 1.  On April 27, 2007, plaintiff filed *Plaintiff's Memorandum*

*contra*, Doc. No. 55, and on May 8, 2007, defendant filed *Liberty Mutual Insurance Company's*

*Reply Memorandum in Support of its Motion to Compel* ("*Defendant's Reply*"), Doc. No. 66.

## II.     STANDARD

Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a

motion for an order compelling discovery if another party fails to respond to discovery requests,

provided that the motion to compel includes a certification that the movant has in good faith

conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P.

37(a).

---

[3]Defendant contends that the viability of *Goodyear* has been questioned by both state and federal courts.  *Defendant's Motion to Compel* at 2 fn. 1 (citing *In Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp.2d 623, 629 n.3 (N.D. Ohio 2004); *Ohio Consumers' Counsel v. Pub. Util. Comm'n of Ohio*, 111 Ohio St.3d 300, 322 (2006)).  Although defendant is correct in its contention, this Court is bound by governing Sixth Circuit authority.

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).  Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)."  Fed. R. Civ. P. 34(a).  In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad.  *Miller v. Fed. Express Corp.,*186 F.R.D. 376, 383 (W.D. Tenn. 1999).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

In *Goodyear,* 332 F.3d 976, the United States Court of Appeals for the Sixth Circuit held that communications made in furtherance of settlement negotiations need not be disclosed to litigants in another action.  In so holding, the Sixth Circuit characterized such communications as privileged from disclosure or, in any event, not relevant to that other action.  *Id.*

## III.    DISCUSSION

In *Defendant's Motion to Compel*, defendant seeks production of all documents to which plaintiff has claimed a settlement privilege in the *Amended DRM Privilege Log* and in *Plaintiff's Privilege Logs*, copies of the *Wausau Agreement* and the *PEIC Agreement*, and all other similar documents responsive to defendant's document request numbers 7-13 withheld but not included in any privilege log.  Defendant argues that plaintiff waived any settlement privilege related to the *Settlement Agreement* by placing that agreement in issue in the *Amended Complaint* and that documents related to *Wausaw Agreement* and the *PEIC Agreement* are both relevant and outside

4

the scope of the settlement privilege.

### A. Settlement between the Parties

Defendant argues that plaintiff waived the settlement privilege by placing the *Settlement Agreement* at issue in the *Amended Complaint*.  Plaintiff agrees and represents that it has not withheld any documents relating to the *Settlement Agreement* on the basis of settlement privilege.  *Meyer Aff.* ¶ 25.

As it relates to the *Settlement Agreement* and documents associated with that agreement, *Defendant's Motion to Compel* is **DENIED** as moot.

### B. Settlement Agreements between Plaintiff and Non-Parties

Plaintiff has produced to defendant the *Wausau Settlement* and the *PEIC Settlement.* *Meyer Aff.* ¶¶ 8,10.  In its motion, defendant seeks production of documents related to the *Wausau Settlement* and the *PEIC Settlement,* arguing that such documents are both relevant and outside the scope of the settlement privilege established by *Goodyear.  See Exhibit F, G, I, J* attached to *Hajdusiewicz Decl.  See Declaration of Ana Francisco*[4] *in Support of Liberty Mutual Insurance Company's Motion to Compel* (*"Francisco Decl."*) ¶ 2, Doc. No. 41.  Defendant reasons:

> Given that Scotts negotiated similar agreements concerning similar, if not the same, claims for environmental pollution with Wausau and PEIC for less money than Liberty agreed to pay and without allegations of misrepresentation and concealment, documents relating to those settlements are clearly relevant as they demonstrate that, *even if proven*, no misdeed by Liberty could have been material to Scotts' decision to enter into the [*Settlement Agreement*].

---

[4]Ms. Francisco is an attorney representing defendant in this action.  *Francisco Decl.* ¶ 1.

> For the same reasons these materials are relevant, the limited *Goodyear* settlement privilege does not apply because Liberty seeks these documents not to demonstrate the liability of any party to those settlements, but instead for the permissible purpose of showing lack of materiality. Even if the settlement privilege could apply despite Liberty's proposed use of these documents, nearly all of them fall outside the narrow parameters of the privilege recognized in *Goodyear*, leaving Scotts no basis on which to withhold these documents from production.

*Defendant's Motion to Compel* at 2 (emphasis in original). Defendant's arguments are not well taken.

Documents associated with these settlement discussions would appear to fall squarely within the scope of the *Goodyear* privilege. Defendant suggests, however, that the settlement privilege articulated in *Goodyear* is rooted in Rule 408 of the Federal Rules of Evidence, which, although limiting the admissibility of evidence of compromise "to prove liability for, invalidity of, or amount of a claim," F.R. Ev. 408(a), also recognizes that such evidence may be used for other purposes.[5] Defendant argues that, *Goodyear* notwithstanding, it is entitled to documents relating to the *Wausau Settlement* and the *PEIC Settlement* "for the limited and entirely permissible purpose of demonstrating the lack of materiality of Scotts' allegations in this case." *Defendant's Motion to Compel* at 13.

*Goodyear* expressly commented that, although Rule 408 has authorized the use of the fact of settlement negotiations or the settlement agreement itself for other purposes, it has never authorized the use of settlement communications. *Goodyear,* 322 F.3d at 981. Defendant nevertheless contends that settlement-related documents would be admissible

---

[5]Rule 408(b) authorizes the use of evidence of compromise for such purposes as "providing a witness's bias or prejudice, negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

under F.R. Cv. 408(b) to establish the "lack of materiality of [plaintiff's] claims" and are therefore discoverable.

In advancing this argument, defendant relies on *Cresswell v. Sullivan & Cromwell*, 704 F. Supp. 392 (S.D.N.Y. 1989), *vacated on other grounds* 922 F.2d 60 (2d Cir. 1999), and *Matsuura v. E.I. du Pont de Nemours and Co.*, Civ. Nos. 96-01180, 97-00716, 99-00660, 00-00328, 00-00615 SOM-LEK, 2006 WL 2734291, at *1-2 (D. Haw. Sept. 22, 2006), for the proposition that it is entitled to "discover documents relating to Scotts' two contemporaneous and less lucrative settlements with other insurers for the purpose of demonstrating that any alleged misrepresentation during the negotiation of the [*Settlement Agreement*] could not have been material to Scotts' decision to enter into that agreement." *Defendant's Motion to Compel* at 14.  These two cases, however, are factually inapposite because they authorized only the disclosure of the settlement agreements themselves, not communications that led to those agreements.  As previously noted, plaintiff has already produced to defendant the *Wausau Agreement* and the *PEIC Agreement.*

Defendant also argues that plaintiff "significantly overstates any potential application of the *Goodyear* holding to the instant case" because "the privilege recognized in *Goodyear* extends only to '*communications* made in furtherance of settlement.'" *Defendant's Motion to Compel* at 15 (citing *Goodyear*, 332 F.3d at 983) (emphasis in original).  Further, defendant contends that "the scope of the *Goodyear* settlement privilege is limited to documents 'authored or created *for the purpose of*

*settlement negotiations*,' and thus does not apply to documents 'simply because [they] were] exchanged during settlement.'" *Id.* (citing *Thornton v. State Farm Mut. Auto Ins. Co., Inc.*, No. 1:06-CV-00018, 2006 WL 3499986, at *3 (N.D. Ohio Dec. 5, 2006)) (emphasis in original). Defendant notes that the privilege logs "collectively list many documents which do not, on the face of the logs, appear to be 'communications,'" and instead are "identified as notes, database entries, spreadsheets, PowerPoint presentations, and other material which does not clearly indicate on its face that it reflects communications in furtherance of settlement." *Defendant's Motion to Compel* at 15.[6]

In *Plaintiff's Memorandum contra,* plaintiff does not contest that the *Goodyear* settlement privilege applies only to communications created for the purpose of settlement negotiations. Instead, plaintiff represents that it has withheld only those documents that reflect privileged communications. *Plaintiff's Memorandum contra* at 12, n.7 (citing *Meyer Aff.* ¶¶ 19, 20). Specifically, plaintiff has sufficiently explained how certain documents that do not "appear" to be communications are in fact communications entitled to the protection of the settlement privilege. *Plaintiff's Memorandum contra* at 11-12 (citing *Meyer Aff.* ¶ 24). The Court therefore concludes that plaintiff properly withheld, pursuant to the *Goodyear* privilege, documents reflecting settlement communications.

―――――――――――――――

[6]Defendant also insists that it cannot meaningfully assess the claim of privilege because plaintiff refused to include many documents in a privilege log. Apparently, certain documents were withheld by plaintiff because plaintiff challenged their relevance. Such an objection does not, of course, require the production of a privilege log. *See* F.R. Civ. P. 26(b)(5).

In any event, defendant has failed to establish that the information requested by its *Motion to Compel* is reasonably calculated to lead to the discovery of admissible evidence. *See* F.R. Civ. P. 26(b)(1). Defendant asserts that the *Wausau Settlement* and the *PEIC Settlement* were executed around the same time as the *Settlement Agreement*, by plaintiff through the same agent. Moreover, defendant asserts, all three agreements included a release by plaintiff of (at a minimum) its environmental pollution claims in exchange for a single payment by the insurer. *Defendant's Motion to Compel,* at 11. Defendant contends that documents relating to the *Wausau Agreement* and the *PECI Agreement* are relevant to the claims asserted in this action:

> In light of Scotts' demonstrated willingness to enter into even less financially advantageous releases with other insurers absent any allegations of misrepresentation or concealment of purported facts, evidence relating to Scotts' other settlements is directly relevant to the materiality of any alleged misdeed by Liberty during the negotiation of the Settlement and Release. See Fed. R. Evid. 401 (evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

*Id.*

However, discussions culminating in the *Wausau Settlement* and the *PEIC Settlement* involved different policies, containing different provisions, with different policy limits. As one court has explained:

> Indeed, the court doubts that the Decree [of settlement] has more than marginal relevance, because numerous factors, apart from the value of the claim, go into the determination to settle, so that the Decree actually says little or nothing about the value of [plaintiff]'s claim against [defendant].

*Pioneer Hi-Bred Int'l, Inc. v Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa

9

2003).

Moreover, as the United States Court of Appeals for the Sixth Circuit made clear in *Goodyear*, "statements made in settlement negotiations come with no guarantee of veracity":

> Settlement negotiations are typically punctuated with numerous instances of puffing and posturing since they are "motivated by a desire for peace rather than from a concession of the merits of the claim." *United States v. Contra Costa County Water Dist.*, 678 F.2d [90, 92 (9th Cir. 1982)]. What is stated as fact on the record could very well not be the sort of evidence which the parties would otherwise actually contend to be wholly true. That is, the parties may assume disputed facts to be true for the unique purpose of settlement negotiations. The discovery of these sort of "facts" would be highly  misleading if allowed to be used for purposes other than settlement. *See Wyatt v. Sec. Inn Food & Bev., Inc.*, 819 F.2d 69, 71 (4th Cir. 1987).

*Goodyear*, 332 F.3d at 981 (citation omitted).  *See also Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp.2d 623, 629 (N.D. Ohio 2004) (documents created during settlement negotiations "are inherently unreliable because of the likelihood of puffery.").

Settlement discussions in cases such as these necessarily take into account the specific terms of each policy, the dates of coverage, each insurer's positions and statements with respect to the policies and each insurer's solvency.  There is no reason to believe that settlement discussions with Wausau and /or PEIC are in any respect relevant to the claims and defenses in this case.  In any event, if "the [settlement negotiation documents are] admitted, it will invite a 'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants to determine what, if any, light the [settlement] Decree sheds on the value of the claim against [the defendant]."

*Pioneer Hi-Bred Int'l, Inc., supra*, 219 F.R.D. at 144-45.

**WHEREUPON** *Defendant's Motion to Compel*, Doc. No. 39, is **DENIED**.

June 11, 2007                                    *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                                 United States Magistrate Judge

11