**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**THE SCOTTS COMPANY LLC,**

    **Plaintiff,**

    vs.                                               **Civil Action 2:06-CV-899
                                                        Judge Graham
                                                        Magistrate Judge King**

**LIBERTY MUTUAL INSURANCE
COMPANY,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on *Plaintiff the Scotts Company LLC's Motion to Enter Electronic Discovery Order* ("*Plaintiff's Motion to Compel*"), Doc. No. 37.  For the reasons that follow, plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On April 6, 2007, defendant filed *Plaintiff's Motion to Compel*, Doc. No. 37, requesting that the Court enter a discovery order proposed by plaintiff and that it compel certain document production in electronic format.  On April 27, 2007, defendant filed *Liberty Mutual Insurance Company's Memorandum in Opposition to the Scotts Company LLC's Motion to Enter Electronic Discovery Order* ("*Defendant's Memorandum Contra*"), Doc. No. 56, and on May 11, 2007, plaintiff filed its reply in support of its motion to compel ("*Plaintiff's Reply*"), Doc. No. 68.  Additional briefing was approved by this Court and on May 24, 2007, defendant filed a sur-reply ("*Defendant's Sur-Reply*"), Doc. No. 76, and plaintiff filed a response to the sur-reply ("*Plaintiff's Response to Sur-Reply*"), Doc. No. 81.

**II.  STANDARD**

Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a).

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).  Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)."  Fed. R. Civ. P. 34(a).  In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).

**III.  DISCUSSION**

In *Plaintiff's Motion to Compel*, plaintiff asks this Court to enter a discovery order to "ensure the production of all electronically stored information in an acceptable format as required by law and the most recent amendments to the Federal Rules of Civil Procedure."  *Plaintiff's Motion to Compel* at 1.  Also, plaintiff seeks to compel the re-production of electronically stored information previously produced by defendant in hard copy form and to compel the production of electronically stored information to which defendant has objected.  The parties also request oral argument on plaintiff's motion.  The Court will discuss each request.

**A.  Discovery Order**

In *Plaintiff's Motion to Compel*, plaintiff contends that, pursuant to the 2006 amendments to Rule 34 of the Federal Rules of Civil Procedure, it is entitled to an order, in the form proposed by plaintiff, that would require defendant to allow a forensic expert to search defendant's computer systems, network servers and databases and would require defendant to provide back up tapes of certain information systems to include data for the last nine years. *See Plaintiff's Proposed Order* attached as *Exhibit 2* to *Plaintiff's Motion to Compel*. Plaintiff offers to pay the cost of the forensic expert and to allow defendant ten days to review the data for privilege before any production is made. *Plaintiff's Motion to Compel* at 1. In opposition, defendant argues that the 2006 amendments to Rule 34 do not require the requested discovery order as a matter of course. This Court agrees.

The 2006 amendments to Rule 34 of the Federal Rules of Civil Procedure simply clarify "that discovery of electronically stored information stands on equal footing with discovery of paper documents." Fed. R. Civ. P. 34 Advisory Committee's Note on 2006 Amendments. Consequently, without a qualifying reason, plaintiff is no more entitled to access to defendant's electronic information storage systems than to defendant's warehouses storing paper documents.

> The discovery process is designed to be extrajudicial, and relies upon the responding party to search his records to produce the requested data. In the absence of a strong showing that the responding party has somehow defaulted in this obligation, the court should not resort to extreme, expensive, or extraordinary means to guarantee compliance. Imaging of computer hard drives is an expensive process, and adds to the burden of litigation for both parties, as an examination of a hard drive by an expert automatically triggers the retention of an expert by the responding party for the same purpose. Furthermore, as noted above, imaging a hard drive results in the production of massive amounts of irrelevant, and perhaps privileged, information. Courts faced with this inevitable prospect often erect complicated protocols to screen out material that should not be part of discovery. *See, e.g., Playboy Enters.*, 60 F. Supp.2d [1050, 1054 (S.D. Cal. 1999) (appointing court's expert to conduct examination). Again, this adds to the expense and complexity of the case.

> This court is therefore loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct.

*Diepenhorst v. City of Battle Creek*, Case No. 1:05-cv-734, 2006 U.S. Dist. LEXIS 48551, *10-11 (W.D. Mich. June 30, 2006). Plaintiff in this case requests intrusive examination of its opponent's computer systems on the mere suspicion, based solely on the nature of the claims asserted, that defendant may be withholding discoverable information. Plaintiff's speculation is, in the view of this Court, entirely insufficient. Plaintiff's few allegations of misconduct,[1] which are adequately explained by defendant, simply do not justify Court-mandated access to defendant's information storage systems. *Cf., e.g., Playboy Enters.*, 60 F. Supp. 2d at 1054 (allowing access to party's computer system on a finding of systematic deletion of relevant e-mails after litigation had commenced). *See, e.g., Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005) (denying motion to appoint computer forensic expert because moving party failed to present any "credible evidence that Defendants are unwilling to produce computer-generated documents"); *Bethea v. Comcast*, 218 F.R.D. 328, 329-30 (D.D.C. 2003) (denying motion to compel because, "[i]n the context of computer systems and computer

---

[1] For example, plaintiff alleges that defendant "made misrepresentations to both Scotts and this Court regarding its claims manuals." This issue was addressed and resolved several weeks before plaintiff filed its reply in this action. *See Plaintiff's Reply* at 12; *Defendant's Sur-Reply* at 8 (citing *Exhibit A* to *Declaration of Ana Fracisco* counsel for defendant).

It appears to the Court that the parties' apparent animosity toward each other may impede their ability to cooperate in the discovery process. This Court suggests "that counsel in civil cases ... cooperate in discovery so it can proceed without day to day supervision by the court." *See General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 712 (6th Cir. 1982).

records, inspection or seizure is not permitted unless the moving party can demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld"); *Simon Prop. Group L.P. v. Simon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system because plaintiff demonstrated "troubling discrepancies with respect to defendant's document production"); *Ameriwood Indus. Inc. v. Liberman*, Case No. 4:06CV524-DJS, 2006 WL 3825291, *1 (E.D. Mo. Dec. 27, 2006) (unpublished) (granting motion to compel imaging of defendant's hard drive because the court had "cause to question whether defendants have produced all responsive documents"); *Balboa Threadworks, Inc. v. Stucky*, Case No. 05-1157-JTM-DWB, 2006 WL 763668, at *4 (D. Kan. Mar. 24, 2006) (unpublished) (permitting imaging of defendants' computer where defendants' representation that no responsive materials existed on computer was contradicted by their production of e-mail created on that computer).

Moreover, as plaintiff recognizes, the searches it proposes will likely result in the production of privileged information. *See Plaintiff's Proposed Order*. This risk also militates against the relief sought by plaintiff under the circumstances:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Fed. R. Civ. P. 34 Advisory Committee's Note on 2006 Amendments. Contrary to plaintiff's characterization of the effect of the 2006 amendments, Rule 34(a), "[l]ike the other discovery rules, . . . allows the responding party to search his records to produce the

required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search." *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11the Cir. 2003). The "few reported decisions allowing imaging of an opponent's computer hard drive adopt an approach consistent with the policy expressed in the [2006 amendments to the] rule, and do not grant a routine right of direct access to the opposing party's computer." *See Diepenhorst*, *supra*.

Accordingly, as it relates to the request to enter the proposed discovery order, *Plaintiff's Motion to Compel* is **DENIED**.

### B. Re-Production in Electronic Form

Plaintiff also asks that defendant produce requested electronic data, including metadata,[2] in the form in which it was maintained by defendant instead of in the hard copy form in which it has been produced by defendant. *Plaintiff's Reply* at 2. Plaintiff contends that Rule 34 of the

---

[2]Metadata, commonly described as "data about data," is defined as "a set of data that describes and gives information about other data." *Oxford English Dictionary.* Appendix F to *The Sedona Guidelines: Best Practice Guidelines & Commentary for Managing Information & Records in the Electronic Age* defines metadata as "information about a particular data set which describes how, when and by whom it was collected, created, accessed, or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information)." Technical Appendix E to the *Sedona Guidelines* further defines metadata to include "all of the contextual, processing, and use information needed to identify and certify the scope, authenticity, and integrity of active or archival electronic information or records." Some examples of metadata for electronic documents include: a file's name, a file's location (*e.g.*, directory structure or pathname), file format or file type, file size, file dates (*e.g.*, creation date, date of last data modification, date of last data access, and date of last metadata modification), and file permissions (*e.g.*, who can read the data, who can write to it, who can run it). Some metadata, such as file dates and sizes, can easily be seen by users; other metadata can be hidden or embedded and unavailable to computer users who are not technically adept. *Lorraine v. Markel Am. Ins. Co.*, Case No. PWG-06-1893, 2007 U.S. Dist. LEXIS 33020, *48-49 (D.C. Md. May 4, 2007) (quoting *Williams v. Sprint/United Mgmt. Comp.*, 230 F.R.D. 640, 646 (D. Kan. 2005)).

Federal Rules of Civil Procedure allows a party to specify the form in which electronically stored information must be produced. *Plaintiff's Motion to Compel,* at 5 (citing Fed. R. Civ. P. 34(b)). Further, plaintiff contends that, "[a]s a matter of law, a party's discovery obligations are not satisfied by the production of computerized information in hard copy format." *Plaintiff's Reply* at 10.

Defendant does not disagree that a party may specify the form in which electronically stored information is to be produced; instead, defendant contends that its production was proper because plaintiff's requests for production of documents made no such specification. *Defendant's Memorandum Contra* at 5 (citing Fed. R. Civ. P. 34(b): "if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable"). *See* Exhibit 1 to *Plaintiff's Motion to Compel*. Defendant asserts that it has produced over 6,400 documents that were retrieved from electronic sources, *Id.* at 7 (citing *McLaughlin Decl.*[3] ¶ 6), and takes the position that it should not now be required to re-produce all those documents in another form. *Id.* at 10 (citing Fed. R. Civ. P. 34(b)(iii) ("a party need not produce the same electronically stored information in more than one form").

Plaintiff replies that, as a "matter of law, a party's discovery obligations are not satisfied by the production of computerized information in a hard copy format." *Plaintiff's Reply* at 10 (emphasis in original). This assertion is simply an incorrect statement of the law, *see* Fed. R. Civ. P. 34, and none of the cases cited by plaintiff may properly be read as standing for this proposition.

---

[3]Ms. McLaughlin is counsel for defendant. *McLaughlin Decl.* ¶ 1.

That being said, however, the Advisory Committee Note on the 2006 Amendments clarifies that a responding party is obligated to specify in advance of production the form in which the requested information will be produced:

> The responding party also is involved in determining the form of production. In the written response to the production request that Rule 34 requires, the responding party must state the form it intends to use for producing electronically stored information if the requesting party does not specify a form or if the responding party objects to a form that the requesting party specifies. Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before the expense and work of the production occurs.
>
> <u>A party that responds to a discovery request by simply producing electronically stored information in a form of its choice, without identifying that form in advance of the production in the response required by Rule 34(b), runs a risk that the requesting party can show that the produced form is not reasonably usable and that it is entitled to production of some or all of the information in an additional form</u>.

Fed. R. Civ. P. 34 Advisory Committee's Note on 2006 Amendments (emphasis added). Indeed, the Advisory Committee explains, "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." Plaintiff now argues that some of the documents produced in hard copy form are not reasonably usable for the purpose for which they were requested since they cannot be searched for metadata.

It is unclear to this Court whether the parties have fully exhausted extra-judicial efforts to resolve this dispute. The parties are therefore **ORDERED** to meet and confer within ten days with regard to this issue.

  C. **Production of Deleted Documents**

Defendant apparently objected to the production of certain documents on the basis that the requested documents are either non-existent or not reasonably accessible to defendant.

*Defendant's Memorandum contra,* at 7. *See also Defendant's Surreply,* at 6 ("only Electronic Data Scotts requested which Liberty has not endeavored to review and produce are electronic documents relating to Scotts that have been deleted from Liberty Mutual's network or individual hard drives."). Defendant also contends that, in any event, some of the deleted information requested is not relevant based on the time frame for which the documents are requested. *Defendant's Memorandum contra* at 6-7.

It is unclear to the Court whether the deleted information requested by plaintiff is both relevant and retrievable. Plaintiff must first establish that the deleted information sought by it falls within the ambit of discoverable information. *See* Fed. R. Civ. P. 26(b). If the information is in fact relevant, defendant must determine whether the deleted information is retrievable without undue burden. *See Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649 (D. Kan., July 9, 2004) ("The disclosing party shall take reasonable steps to ensure that it discloses any back-up copies of files or archival tapes that will provide information about any 'deleted' electronic data."). If defendant takes the position that it is not, plaintiff will have the opportunity, and the burden, to establish by expert evidence that a forensic search of defendant's systems is reasonably likely to result in the recovery of relevant, deleted information. The parties are **ORDERED** to meet and confer on this issue withing ten days.

### D. Oral Argument

Both parties request oral argument on *Plaintiff's Motion to Compel*. Pursuant to the Local Rules of this Court, parties may apply to the Court for oral argument if "oral argument is

deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). Whether to grant or deny oral argument, however, is left to the sound discretion of the trial court. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, *5-6 (S.D. Ohio July 27, 2006).

The Court concludes that oral argument is not necessary to the fair resolution of *Plaintiff's Motion to Compel* and therefore **DENIES** the parties' request.

**WHEREUPON**, in light of the foregoing, *Plaintiff's Motion to Compel*, Doc. No. 37, is **DENIED** without prejudice to renewal as it relates to the issues left unresolved by this *Opinion and Order.*

June 12, 2007                                             *s/Norah McCann King*
                                                          Norah M$^c$Cann King
                                                          United States Magistrate Judge