IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Scotts Company LLC,

      Plaintiff,

    v.                           Case No. 2:06-cv-899

Liberty Mutual Insurance
Company,

      Defendant.


<u>ORDER</u>

This matter is before the court on the July 11, 2007, motion of defendant Liberty Mutual Insurance Company for sanctions pursuant to Fed.R.Civ.P. 11 (Doc. #102).  Defendant argues that plaintiff's fraud-based claims, specifically Count 1, breach of fiduciary duty, Count 2, fraud, and Count 6, rescission, are insufficient to plead fraud with particularity as required under Fed.R.Civ.P. 9(b), and further, that these claims are without merit.  Defendant requests that these counts be dismissed as a sanction under Rule 11.

Plaintiff argues in response that defendant waived any objections to the amended complaint by failing to timely advance its objections under Rule 9(b) in a motion to dismiss. <u>See</u> <u>United States v. Tenet Healthcare Corp.</u>, 481 F.Supp.2d 689, 697 (W.D.Tex. 2007)(failure to timely assert a Rule 9(b) objection results in waiver); <u>Todaro v. Orbit Int'l Travel, Ltd.</u>, 755 F.Supp. 1229, 1234 (S.D.N.Y. 1991).  Plaintiff contends that the defendant is attempting to use this Rule 11 motion, filed five months after the filing of the first amended complaint, as a vehicle to circumvent this waiver.

Even assuming, without deciding the issue, that a Rule 9(b) violation occurred in this case, and regardless of whether defendant has waived its Rule 9(b) argument, dismissal would not be an appropriate sanction at this stage of the proceedings. Dismissal on the basis of a Rule 9(b) violation alone is not appropriate in the absence of a motion for a more definite statement.  Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir. 1993). Defendant did not file such a motion.  Further, the defendant has now had ample opportunity to conduct discovery regarding plaintiff's fraud claims.

As to the merits of plaintiff's fraud claims, the court notes that in litigating the motion for sanctions, the parties submitted numerous affidavits and exhibits.  If the motion had been styled as a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court would have been required to convert the motion to one for summary judgment before considering these materials.  Fed.R.Civ.P. 12(b)(6).  This case is now at the close of discovery, and dispositive motions are due on January 15, 2008.  It would serve no purpose to require plaintiff to replead at this point, because plaintiff would presumably incorporate any depositions, affidavits, and other evidence relevant to those claims into its amended complaint.  In the interests of judicial economy, defendant's arguments concerning the merits of the fraud claims would best be addressed as part of the summary judgment proceedings.   See USA Certified Merchants, LLC v. Koebel, 262 F.Supp.2d 319, 333 (S.D.N.Y. 2003).   After a decision on any summary judgment motion, the court will also be in a more informed position to consider the issue of Rule 11 sanctions.  Indeed, an

award of sanctions prior to the conclusion of summary judgment proceedings or other determination of the fraud claims on the merits would be premature.

Defendant's motion for sanctions is denied without prejudice. The defendant may argue for the dismissal of the fraud claims and renew its request for Rule 11 sanctions in its motion for summary judgment or in a motion filed after a determination of the fraud claims on the merits.

Date: December 12, 2007          _____s\James L. Graham_____
                                 James L. Graham
                                 United States District Judge

3