```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

The Scotts Company LLC,

       Plaintiff,

  v.                             Case No. 2:06-cv-899

Liberty Mutual Insurance
Company,

       Defendant.

<u>ORDER</u>

This matter is before the court on plaintiff's September 11, 2007, motion for reconsideration of the orders of the magistrate judge filed on June 26, 2007, and September 5, 2007. In those orders, the magistrate judge concluded that a bifurcation and stay of proceedings on plaintiff's bad faith claim were warranted due to the earlier determination that evidence in defendant's possession protected by the attorney-client privilege was subject to disclosure under <u>Boone v. Vanliner Ins. Co.</u>, 91 Ohio St.3d 209 (2001). In <u>Boone</u>, the Ohio Supreme Court noted that "if the trial court finds that the release of this [privileged] information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." <u>Boone</u>, 91 Ohio St.3d at 214. The magistrate judge noted that the privileged documents in this case are relevant not only to the bad faith claim but to other claims as well, and that disclosure would therefore prejudice defendant's defense of the other causes of action. Order of July 26, 2007, pp. 5-6. The magistrate judge also held that plaintiff's bad faith claim was not an independent cause of action,

but rather required proof of the existence of a contractual relationship.  Id. at pp. 6-8.  The magistrate judge concluded that since Boone only requires disclosure of the privileged materials in connection with the bad faith claim, bifurcation was appropriate to require the parties to first litigate the underlying issue of a contractual relationship.  Id. at p. 8.

Plaintiff subsequently argued that it should be permitted to litigate its bad faith claim in pretrial motions and at trial with non-privileged evidence in the first phase of the case, but that, if it did not prevail on the bad faith claim in the first trial, it would have a second opportunity in further proceedings to prove its bad faith claim using the Boone materials.  The magistrate judge rejected this argument, and held that plaintiff would be prohibited from addressing its bad faith claim in pretrial motions or at trial during the first stage of the litigation.  Order of September 5, 2007, at p. 3.  The magistrate judge reiterated that plaintiff did not have an independent bad faith claim until it first established the existence of a contractual relationship giving rise to the duty of good faith, and that the court would not entertain plaintiff's bad faith claim until this predicate was satisfied.  Id.  However, the magistrate judge noted that discovery of non-privileged materials was not stayed, even though those materials might be relevant to the bad faith claim as well as other claims asserted by plaintiff.  Id. at pp. 3-4.

The court finds that the orders of the magistrate judge granting a bifurcation and stay of the bad faith claim were not clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a); 22 U.S.C. §636(b)(1)(A).  Under Fed.R.Civ.P. 42(b), a court may order

2

separate trials "in furtherance of convenience or to avoid prejudice[.]" Fed.R.Civ.P. 42(b). Bifurcation is the remedy suggested by Boone where, as in this case, disclosure of privileged materials in connection with a bad faith claim would prejudice the defendant's defense on other claims.

 Plaintiff argues that bifurcation of the bad faith claim will violate its right to a trial by jury under the Seventh Amendment. However, the fact that plaintiff must wait for a second trial to present its bad faith claim as a cause of action will not deprive plaintiff of a fair trial by jury. Nothing will prevent plaintiff from presenting evidence at trial which is relevant to the other claims just because it is also relevant to the bad faith claim. Plaintiff is not entitled to disclosure of the privileged materials in relation to the other claims, and therefore, the fact that plaintiff will not be able to present the privileged materials to the jury in the first trial due to the bifurcation will not deprive plaintiff of evidence it otherwise could have used. If plaintiff does not prove the contractual relationship necessary for a bad faith claim at the first trial, then a second trial on the bad faith claim will not be necessary. If plaintiff succeeds in establishing the existence of the contractual relationship in the first trial, then it will not be necessary to relitigate that issue in the second trial, and the jury will be instructed that this element of plaintiff's bad faith claim has been proved. Plaintiff will have the opportunity in the second trial to prove its bad faith claim and to present any admissible evidence relevant to the bad faith claim. Although this may entail some overlap of testimony between the two trials, any cost in judicial economy or

efficiency is necessary to address the risk of prejudice resulting from a joint trial. The court sees no reason to give plaintiff the opportunity to prove its bad faith claim in two separate trials.

Finally, the court sees no error in the failure of the magistrate judge to wait for the conclusion of discovery before issuing the stay and bifurcation orders. One reason for the stay and bifurcation was that otherwise discoverable materials were protected by the attorney-client privilege, except in relation to the bad faith claim. The privileged nature of the materials would not be changed by the completion of discovery. The magistrate judge also concluded, after a thorough analysis of a well-developed record, that a stay and bifurcation of the bad faith claim were appropriate because the privileged materials were relevant not only to the bad faith claim, but to other claims as well, and that defendant's defense of the other claims would be prejudiced by the use of the materials at a joint trial. This determination was also unlikely to change in light of any developments during discovery.

The court agrees with the rulings of the magistrate judge, and plaintiff's motion for reconsideration and plaintiff's objections to the orders of June 26, 2007, and September 15, 2007, are denied.

Date: December 12, 2007                s\James L. Graham     
                                             James L. Graham
                                             United States District Judge